# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **PATRICIA BROWN, on behalf of herself and all others similarly situated,** | **Case No. 23–21135–ESK–MJS** |
| **Plaintiff,** | |
| v. | **OPINION** |
| **SHARKNINJA OPERATING LLC,** | |
| **Defendant.** | |

**KIEL, U.S.D.J.**

> **THIS MATTER** is before the Court on defendant SharkNinja Operating LLC's motion to dismiss (Motion) (ECF No. 10).  Plaintiff Patricia Brown filed an opposition (ECF No. 16 (Pl.'s Opp'n Br.)) to which defendant replied (ECF No. 19 (Def.'s Reply Br.)).[1]  For the following reasons, the Motion will be GRANTED.

## I.    BACKGROUND AND PROCEDURAL HISTORY

> Plaintiff is a domiciliary of Monmouth County, New Jersey.  (ECF No. 1 (Compl.) p. 4.)  She seeks to represent a class of consumers who purchased defendant's cookware in New Jersey based on representations that the cookware would not stick, chip, or flake or that the cookware was manufactured at 30,000 degrees Fahrenheit.  (*Id.* pp. 14, 15.)  Defendant is a Delaware limited liability company principally based in Massachusetts that markets, sells, and distributes household goods.  (*Id.* p. 4.)[2]

---

[1] This case was reassigned to me after briefing had concluded.  (ECF No. 20.)

[2] The citizenship of a limited liability company for diversity jurisdiction purposes is determined by the citizenship of each of its members.  *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).  Defendant's corporate disclosure

In response to a complaint by defendant's competitor, the National Advertising Division of Better Business Bureau National Programs (National Advertising Division) ruled in August 2021 that defendant's claims that its NeverStick Premium Cookware "'never sticks' … convey[ed] an unsupported superiority message that, unlike traditional non-stick cookware which rapidly loses its non-stick properties, NeverStick cookware would exhibit a greater level of resistance against sticking, chipping, and flaking." (*Id.* pp. 6, 7.) Defendant later changed its packaging and advertising to include claims that products "[w]on't" rather than will "[n]ever" stick, chip, or flake. (*Id.* pp. 7, 8.) Both before and after the ruling, defendant promoted its NeverStick Premium Cookware as being manufactured using a 30,000-degree process that ensured that products would not stick, chip, of flake while competitors merely manufactured products at 900 degrees. (*Id.* p. 8.)

Defendant's claims on packaging and in product descriptions are false, misleading, and deceiving to a reasonable consumer for two reasons, according to plaintiff. (*Id.* p. 12.) First, defendant's products do chip, flake, and lose their nonstick properties within a few months of purchase or lose their nonstick properties more rapidly than the less-expensive products of competitors. (*Id.*) Second, defendant's purported 30,000-degree manufacturing process not only fails to ensure that products will not chip, flake, or lose their nonstick properties, but the process itself is impossible as aluminum would vaporize at such temperatures. (*Id.*)

Plaintiff purchased two of defendant's 12-inch frying pans from Macy's website in September 2021. (*Id.* p. 13.) Prior to her purchase, plaintiff viewed defendant's "NeverStick" brand name; claim that products either never or

---

statement represents that after several layers of wholly owned entity after wholly owned entity, the remaining entity is "SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands." (ECF No. 8.)

would not stick, chip, or flake as compared to competing products; and that products would not rapidly lose their nonstick properties due to defendant's 30,000-degree manufacturing process. (*Id.*) If plaintiff knew that defendant's products chip, flake, or lose their nonstick properties within a few months or more rapidly than less-expensive competitors; defendant's purported 30,000-degree manufacturing process is impossible or fails to ensure that products will not chip, flake, or lose their nonstick properties; and defendant's claims were deceptive she would not have purchased the pans or would not have paid a premium price for them.   (*Id.* pp. 13, 14.)   Plaintiff states as an example that defendant's 10- and 12-inch NeverStick Premium Cookware pans sell for $49.99 and $59.99, respectively.   (*Id.* p. 14.)   Comparable Farberware 10- and 12-inch pans sell for $8.97 and $19.99, respectively, with three-pan sets available for $22.99.   (*Id.*)

Plaintiff asserts a single count, violation of the New Jersey Consumer Fraud Act (Consumer Fraud Act).   (*Id.* p. 17.)   Defendant continues to violate the Consumer Fraud Act through deception, fraud, false promises, or misrepresentations, according to plaintiff.   (*Id.* p. 18.)   Plaintiff and proposed class members have suffered economic injuries because they otherwise would not have purchased defendant's products or would not have paid as much for them.   (*Id.* pp. 17, 18.)   Plaintiff seeks class certification, damages, statutory treble damages, interest, and reasonable fees and costs.   (*Id.* p. 18.)

## II.   STANDARDS

### A.   <u>Motions to Dismiss</u>

Prior to the filing of a responsive pleading, a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).   To survive dismissal under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Doe v. Princeton Univ.*, 30 F.4th 335, 341 (3d

Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)), and—accepting the plaintiff's factual assertions, but not legal conclusions, as true—"'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" *id.* at 342 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).    Courts further evaluate the sufficiency of a complaint by "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."    *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B.    Consumer Fraud Act

The Consumer Fraud Act prohibits:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise ….

N.J. Stat. Ann. § 56:8–2.

In order to state a claim under the Consumer Fraud Act, a plaintiff "must allege: '(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss.'" *Calabria Ristorante, Inc. v. Ruggiero Seafood, Inc.*, 706 F. Supp. 3d 489, 514 (D.N.J. 2023) (quoting *Francis E. Parker Mem'l Home, Inc. v. Ga.-Pac. LLC*, 945 F. Supp. 2d 543, 558 (D.N.J. 2013)).    The heightened pleading standard of Federal Rule of Civil Procedure (Rule) 9(b) applies to claims brought under the Consumer Fraud Act.    *Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 373 (D.N.J. 2015).    To satisfy this heightened pleading standard, the

plaintiff must set forth their allegation "with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged and plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Calabria Ristorante, Inc.*, 706 F. Supp. 3d at 515 (quoting *Alpizar-Fallas v. Favero*, 908 F.3d 910, 919 (3d Cir. 2018)).

## III. DISCUSSION

### A. <u>Party Arguments</u>

Defendant asserts that plaintiff's claims fail for two reasons: she has not alleged a misrepresentation or an ascertainable loss. (ECF No. 10–1 (Def.'s Mot. Br.) p. 11.) With respect to its assertion that a misrepresentation has not been alleged, defendant contends that it has represented that super-heated plasma ceramic particles are fused to its pans, not that the pans themselves are heated to 30,000 degrees. (*Id.* p. 14) The screenshot of a 40-second video included in the complaint mischaracterizes the 30,000-degree representation and omits the fact that a reasonable consumer watching the video would know that ceramic particles, not the pan, are heated at such temperatures. (*Id.*) Plaintiff has not claimed that defendant's actual representations are false by alleging that defendant's manufacturing process does not create a superior bond as compared to competitors' processes or that her pans have actually chipped, flaked, or lost their nonstick properties. (*Id.* p. 15.) Generally, plaintiff failed to plead with particularity as required by Rule 9(b), according to defendant. (*Id.* pp. 15, 16.)

Next, defendant contends that plaintiff has not pleaded an ascertainable loss. Plaintiff has not alleged that her pans are worthless, according to defendant. (*Id.* p. 17.) Therefore, she was required to show the difference between the pans that she was promised and the ones that she received. (*Id.*) Plaintiff was promised a more durable, nonstick surface and the complaint does

not allege that defendant's pans did not provide a more durable, nonstick surface or that her pans actually chipped, flaked, or lost their nonstick properties. (*Id.* pp. 18, 19.) The complaint further fails to allege what plaintiff actually paid for her pans or that Farberware products are comparable in quality, durability, or material. (*Id.* pp. 19, 20.)

Plaintiff responds that whether a statement has a capacity to mislead is a question of fact inappropriate for a motion to dismiss and that her pleading satisfies Rule 9(b)'s standard. (Pl.'s Opp'n Br. pp. 13, 14.) Defendant has falsely and misleadingly conveyed to consumers that cookware manufactured at 30,000 degrees is superior to products manufactured at lower temperatures—a claim that is especially deceptive when combined with the "NeverStick" brand name. (*Id.* pp. 15–20). Defendant engages in "sleight of hand" by arguing that its advertising imagery is not meant to convey that entire pans are manufactured at 30,000 degrees, according to plaintiff. (*Id.* pp. 20, 21.) The advertising imagery lacks any representations that ceramic particles, not pans, are heated to 30,000 degrees and the notion that any aluminum pan may come into contact with a particle heated at 30,000 degrees defies physics. (*Id.* p. 21.) The average consumer associates ovens and stoves with high temperatures and would be misled by representations of a 30,000-degree manufacturing process paired with claims that products "[n]ever" or "[w]on't" stick, even if defendant's representations are literally true in part. (*Id.* pp. 23, 24.) Plaintiff asserts that her claims are buttressed by the 2021 National Advertising Division ruling. (*Id.* pp. 25–28.)

Plaintiff adds that she has adequately pleaded an ascertainable loss based on price premium, with sample prices of defendant's products and comparable competing products provided. (*Id.* pp. 30–32.) Defendant's argument that Farberware products are not comparable to its own is inappropriate for the pleading stage, according to plaintiff. (*Id.* p. 32.) Finally, plaintiff requests

6

that if the Court decides to grant dismissal based on a pleading deficiency, that it do so without prejudice.   (*Id.* pp. 33, 34.)

### B.   Analysis

Unlawful conduct under the Consumer Fraud Act "falls into three general categories: 'affirmative acts, knowing omissions, and violation of regulations promulgated under N.J. Stat. Ann. §§ 56:8–2, 56:8–4.'"   *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 333 (D.N.J. 2014) (quoting *Harnish v. Widener Univ. Sch. of Law*, 931 F. Supp. 2d 641, 648 (D.N.J. 2013)).   Plaintiff's complaint and opposition make clear that she alleges that defendant has engaged in affirmative misrepresentative acts.   (Compl., Pl.'s Opp'n Br.)   To meet the Rule 9(b) pleading standard for affirmative acts, "a plaintiff need not plead the particular date, time or place of the fraud; however, 'the plaintiff must indicate at the very least who made the material representation giving rise to the claim and what specific representations were made.'"   *Mladenov*, 124 F. Supp. 3d at 373 (quoting *NN & R, Inc. v. One Beacon Ins. Grp.*, 362 F. Supp. 2d 514, 518 (D.N.J. 2005)).

Here, plaintiff alleges that she viewed defendant's "NeverStick" brand name; claim that products do not stick, chip, or flake; and representation that products do not rapidly lose their nonstick properties as compared to competing products due to its 30,000-degree manufacturing process.   (Compl. p. 13.) Plaintiff alleges that she viewed these representations prior to her purchase of two pans in September 2021.   (*Id.*)

The parties' briefing separate defendant's alleged misrepresentations into two general categories: 1) that defendant's products are manufactured at 30,000 degrees and 2) that defendant's products do not stick, chip, or flake.   On the issue of defendant's 30,000-degree manufacturing process, defendant contends that it has made no representation that entire pans, rather than plasma ceramic particles sprayed onto the pans, are heated to 30,000 degrees.   (Def.'s

Mot. Br. p. 14.) Defendant asserts that plaintiff mischaracterizes its advertisement by omitting a frame that states that plasma ceramic particles are heated to 30,000 degrees. (*Id.* pp. 8, 14.)

There are two problems with defendant's rebuttal. First, a district court may not consider materials extraneous to the pleading when ruling on a motion to dismiss. *See Doe*, 30 F.4th at 342. Exceptions include materials integral to, or explicitly relied upon in, the pleading such as "exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents." *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F. Supp. 3d 449, 459 (D.N.J. 2020). Second, literally true statements may nonetheless mislead a consumer. *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 98 (D.N.J. 2011).

Defendant's argument and, especially, its reference to additional frames of its advertisement do not fit within the narrow carve-out of extraneous materials that I may consider at this stage. *See Red Hawk Fire & Sec., LLC*, 449 F. Supp. 3d at 459. If defendant believes that plaintiff has misled the Court, its proper recourse is to move for sanctions by asserting that plaintiff's factual contentions do not and will not have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3), (c); *see also Shepperson v. Hernandez*, Case No. 19–19305, 2021 WL 2104978, at *3, 3 n.2 (D.N.J. May 25, 2021) (accepting the plaintiff's allegations at the dismissal stage as true, presuming compliance with Rule 11, and noting that Rule 11 sanctions could later be imposed if the plaintiff did not have a good-faith belief that factual contentions would have evidentiary support). I will not expand the record at the dismissal stage.

Plaintiff's claim that products chip, flake, and lose their nonstick properties provides a thornier issue. As defendant notes (Def.'s Mot. Br. p. 15), plaintiff does not allege in the complaint that her pans have chipped, flaked, or lost their nonstick properties. Plaintiff attempts to remedy this omission in

her opposition (Pl.'s Opp'n Br. p.15), but "it is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) (quoting *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).   I further decline plaintiff's invitation to infer from the National Advertising Division's ruling that defendant conveys a false and misleading message of superiority that its products feature a greater resistance to chipping, flaking, and losing their nonstick properties.   (Pl.'s Opp'n Br. pp.30, 31.)

Without claiming that her pans actually chipped, flaked, or lost their nonstick properties, plaintiff does not plead how the pans "fell short of [her] expectations." *See Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 703 (D.N.J. 2011) (stating that the claim that Diet Coke Plus contained vitamins and minerals was true and that the plaintiffs failed to allege what further expectations they may have had or how those expectations were not met). Instead, the complaint reads as an attempt to convert the National Advertising Division ruling into a cause of action untethered to a named plaintiff.

Even if I were to look past this deficiency for the purposes of the unlawful-conduct prong of the Consumer Fraud Act analysis, it would rear its head in determining whether plaintiff has pleaded an ascertainable loss.   Out-of-pocket-loss and benefit-of-the-bargain are the two theories of ascertainable loss under the Consumer Fraud Act.   *Mladenov*, 124 F. Supp. 3d at 375.   Out-of-pocket-loss is only applicable if the product is essentially worthless.   *Id.*   The "benefit-of-the-bargain theory requires that the consumer be misled into buying a product that is ultimately worth less than the product that was promised." *Id.*   A plaintiff must allege that the misrepresentation induced an objectively reasonable and unmet expectation, but unmet expectation is alone insufficient to claim an ascertainable loss.   *Dzielak*, 26 F. Supp. 3d at 335.   Rather, the plaintiff must have received a product worth objectively less than what was

reasonably expected and quantify the difference between the product promised and the product received. *Id.*

Plaintiff makes clear that her theory of ascertainable loss is based on the purported premium that she paid for defendant's pans as compared to competing products. (Pl.'s Opp'n Br. pp. 31–33.) However, if it was plaintiff's expectation that the pans would not chip, flake, or lose their nonstick properties due to defendant's claims to that effect, "Neverstick" brand name, purported 30,000-degree manufacturing process, or the like, the complaint does not allege that that expectation was unmet. *See Smajlaj*, 782 F. Supp. 2d at 99 ("[T]he plaintiff must allege a reasonable expectation about the product induced by a misrepresentation, *and that this expectation was not met.*" (emphasis added)). Again, without an allegation that plaintiff herself received a product worth less than her reasonable expectation, the complaint resorts to relying on general allegations and the National Advertising Division ruling. Insofar as a cause of action may exist, plaintiff has not demonstrated that she may bring it. *See Dzielak*, 26 F. Supp. 3d at 332 n. 18 ("The fact that a suit is brought as a class action 'adds nothing to the question of standing, for even named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."'" (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 (1976))).

The complaint will therefore be dismissed for failure to state a Consumer Fraud Act claim. Defendant contends that amendment would be futile. (Def.'s Reply Br. pp. 13, 14.) I disagree. Dismissal will therefore be without prejudice to plaintiff's filing of an amended complaint. *See Peruto v. TimberTech Ltd.*, 126 F. Supp. 3d 447, 461 (D.N.J. 2015) ("Because the Court cannot conclude that amendment would be futile, dismissal will be without prejudice to Plaintiffs' right to file an amended pleading curing the identified

deficiencies within twenty-one (21) days."). If plaintiff elects to file an amended complaint, she shall do so in compliance with Local Civil Rule 15.1, including providing a copy of the amended complaint that reflects the differences between the original and amended complaints.[3]

## IV.  CONCLUSION

For the foregoing reasons, defendant's Motion (ECF No. 10) will be GRANTED.  An appropriate order accompanies this opinion.


/s/ Edward S. Kiel
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  October 23, 2024

---

[3] The parties did not brief, and this opinion is not premised on, the issue of jurisdiction.  However, any amended complaint should also more fully address how the jurisdictional amounts are met.  Plaintiff premises jurisdiction on both the Class Action Fairness Act pursuant to 28 U.S.C. §1332(d) and diversity jurisdiction pursuant to 28 U.S.C. §1332(a).  (Compl. p.5.)  Insofar as jurisdiction is premised on diversity, "in a 28 U.S.C. §1332 diversity action, a *named* plaintiff must satisfy the amount in controversy requirement."  *O'Brien v. Compass Grp. USA, Inc.*, Case No. 17–13327, 2018 WL 5283939, at *2 n.1 (D.N.J. Oct. 1, 2018) (quoting *Czarnecki v. Hawthorn Mfg. Corp.*, Case No. 08–05558, 2009 WL 159806, at *3 (E.D. Pa. Jan. 16, 2009)).  It appears improbable that plaintiff alone can satisfy the $75,000 jurisdictional amount in a case in which damages are premised on a purported premium price of, on the high-end, $59.99.  (Compl. p.14.)  Jurisdiction under the Class Action Fairness Act requires that the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §1332(d)(2).  Plaintiff's complaint does not appear to plausibly allege that the amount in controversy exceeds the $5,000,000 threshold.  (*See* Compl. p.5 (alleging only that "the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs").)  I express my concerns with plaintiff's ability to meet it due—again—to the relatively nominal individual values at stake.  An amended complaint should provide greater detail as to the value of the individual claims, number of potential class members, or similar information.  If plaintiff is unable to provide such details, she should proffer what relevant information may be obtained through pre-dismissal jurisdictional discovery.